UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LASHAWN KUYKENDALL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-962-JTM-AZ |
| LaPORTE COUNTY SHERIFFS DEPARTMENT, | |
| Defendant. | |

OPINION and ORDER

Lashawn Kuykendall, a prisoner without a lawyer, filed a complaint alleging he was attacked twice in October 2024 by fellow inmates at the LaPorte County Jail. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The only defendant named in this complaint is the LaPorte County Sheriff's Department. A municipal entity – such as a Sheriff's Department – may be sued based on a policy, practice, or custom under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). This complaint does not state a *Monell* claim because it makes no plausible allegations of a policy, practice, or custom.

If Kuykendall believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint[1] because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If he files an amended complaint, he may attempt to identify a policy, practice, or custom of the LaPorte County Sheriff's Department that caused his injuries. He could also name an individual who made a decision that resulted in his being injured.

As a pretrial detainee, Kuykendall has a right under the Fourteenth Amendment to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Bell*). A defendant is "liable if he acted purposefully, knowingly, or perhaps even recklessly . . . , but not if he were no more than negligent." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022). To state a claim for failure to protect as a pre-trial detainee, Kuykendall

---

[1] The form is available at https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf. When using this form, Kuykendall must write the case number on the first page. He must also write the word "AMENDED" above the title "CIVIL COMPLAINT."

must plausibly allege facts showing that a defendant made a decision that put him "at substantial risk of serious harm; [that] a reasonable officer … would have appreciated the risk that his actions entailed; and [that those actions] caused [his] injuries." *Id.* at 497. The more specific Kuykendall can be in describing the two attacks, the events leading up to them, what each defendant knew, and what each defendant did, the easier it will be to evaluate his claims.

Kuykendall also needs to resolve his filing fee status. He was granted leave to proceed in forma pauperis when he was a prisoner, but he has since been released. As previously explained, he may not proceed until he EITHER pays the remaining $330 balance due OR is granted leave to proceed in forma pauperis as a non-prisoner.[2]

For these reasons, the court:

(1) GRANTS Lashawn Kuykendall until **June 3, 2025**, to resolve his filing fee status and to file an amended complaint; and

(2) CAUTIONS Lashawn Kuykendall if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: April 30, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] The form for asking to proceed in forma pauperis as a non-prisoner is available at https://www.innd.uscourts.gov/sites/innd/files/AO239.pdf.

3