UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LASHAWN KUYKENDALL,

Plaintiff,

v.

CAUSE NO. 3:24-CV-962-JTM-AZ

LAPORTE COUNTY SHERIFFS
DEPARTMENT, et al.,

Defendants.

OPINION AND ORDER

Lashawn Kuykendall, a prisoner without a lawyer, filed an amended complaint against seven defendants alleging they failed to protect him from being attacked by inmates while he was housed at the LaPorte County Jail in 2024. (DE # 14.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Kuykendall alleges essentially the same facts as he did in his original complaint. (DE # 1.) Kuykendall, who was previously housed at the LaPorte County Jail states that, on October 19, 2024, a group of inmates aggressively

stormed into his cell and attacked him. (DE # 14 at 2.) He tried to push the emergency call button in his cell to get help but he could not reach it. *Id*. Kuykendall was injured in the attack. *Id*.

Kuykendall asserts that inmates attacked him a second time in October 2024 and severely beat him again. *Id*. at 3. He states he was attacked because he was housed with violent inmates when he only had minor charges against him. *Id*. Kuykendall asserts he was later moved to solitary confinement for his safety. *Id*. He seeks monetary damages for his injuries. *Id*. at 4.

As the court previously explained, as a pretrial detainee, Kuykendall has a right under the Fourteenth Amendment to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Bell*). A defendant is "liable if he acted purposefully, knowingly, or perhaps even recklessly . . . , but not if he were no more than negligent." *Kemp*, 27 F.4th at 495. To state a claim for failure to protect as a pre-trial detainee, Kuykendall must plausibly allege facts showing that a defendant made a decision that put him "at substantial risk

of serious harm; [that] a reasonable officer . . . would have appreciated the risk that his actions entailed; and [that those actions] caused [his] injuries." *Id.* at 497.

Kuykendall has sued seven defendants in this case: the LaPorte County Sheriff's Department, the LaPorte County Sheriff, Julius Brown, Barren Moore, Lakeith Winters, Breshawn Young, and Wayne Witt. However, he has not described how any of these defendants were involved in the events leading up to the October 2024 attacks. He does not say what each defendant knew or did. In other words, he has not linked his allegations to any particular defendant. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

To the extent he has sued the LaPorte County Sheriff's Department, a municipal entity may be sued based on a policy, practice, or custom under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The amended complaint does not state a *Monell* claim because it does not plausibly allege a policy, practice, or custom or that the LaPorte County Sheriff's Department caused his constitutional rights to be violated.

Also, to the extent he has sued the LaPorte County Sheriff, liability under 42 U.S.C. § 1983 is based on personal responsibility and the Sheriff cannot be held liable merely because of his supervisory position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory officials can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983).

Because Kuykendall does not allege that the Sheriff personally knew about the events leading up to the two attacks and either condoned, facilitated, or approved them, he cannot proceed here.

Furthermore, to the extent Kuykendall has sued Julius Brown, Barren Moore, Lakeith Winters, Breshawn Young, and Wayne Witt, he has not identified the nature of his claims against these defendants. To state a claim under 42 U.S.C. § 1983, Kuykendall must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Assuming these defendants are the inmates who attacked Kuykendall, he cannot sue them under 42 U.S.C. § 1983 because, as private individuals, they could not have plausibly violated his federal constitutional or statutory rights. He has not stated a claim here.

This amended complaint does not state a claim for which relief can be granted. If Kuykendall believes he can state a claim based on (and consistent with) the events described in his amended complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which the clerk will be directed to send him. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

4

For these reasons, the court:

(1) DIRECTS the clerk to send Lashawn Kuykendall a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form;

(2) GRANTS Lashawn Kuykendall until **July 15, 2026**, to file a second amended complaint; and

(3) CAUTIONS Lashawn Kuykendall that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: June 15, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT