**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **LASHAWN KUYKENDALL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAPORTE COUNTY SHERIFFS DEPARTMENT, et al.,**<br><br>**Defendants.** | **CAUSE NO. 3:24-CV-962-JTM-AZ** |

**OPINION AND ORDER**

Lashawn Kuykendall, a prisoner without a lawyer, filed a second amended complaint against seven defendants alleging they failed to protect him from being attacked by inmates when he was housed at the LaPorte County Jail. (DE # 18.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his second amended complaint, Kuykendall alleges essentially the same facts as he did in his amended complaint. He asserts that, on October 19, 2024, while he was housed at the LaPorte County Jail, a group of inmates entered his cell and attacked him.

(DE # 18 at 2.) He states that he was attacked by inmates Barren Moore, Lakeith Winters, Breshawn Young, and Wayne Witt, while he was held down by inmate Julius Brown. *Id*. at 2-3. Kuykendall avers the inmates broke his nose and nearly broke his eye socket. *Id*. He asserts the jail officers could see the inmates attacking him on the security monitors, but they failed to protect him because they did not "rush to the situation" and turned "a blind eye" to the attack. *Id*. at 3. Kuykendall states that the classification officer knew he should not have been housed in his assigned housing unit because the other inmates in the unit did not share his classification. *Id*. at 2. Kuykendall seeks monetary damages for his injuries. *Id*. at 4.

As the court has explained (*see* DE # 17 at 2), as a pretrial detainee, Kuykendall has a right under the Fourteenth Amendment to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Bell*). A defendant is "liable if he acted purposefully, knowingly, or perhaps even recklessly . . . , but not if he were no more than negligent." *Kemp*, 27 F.4th at 495. To state a claim for failure to protect as a pre-trial detainee, Kuykendall must plausibly allege facts showing that a defendant made a decision that

put him "at substantial risk of serious harm; [that] a reasonable officer . . . would have appreciated the risk that his actions entailed; and [that those actions] caused [his] injuries." *Id*. at 497.

Kuykendall has sued seven defendants in this case: the LaPorte County Sheriff's Department, the LaPorte County Jail, and inmates Julius Brown, Barren Moore, Lakeith Winters, Breshawn Young, and Wayne Witt. To the extent he has sued the LaPorte County Sheriff's Department, a municipal entity may be sued based on a policy, practice, or custom under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The second amended complaint does not state a Monell claim because it does not plausibly allege a policy, practice, or custom or that the LaPorte County Sheriff's Department caused Kuykendall's constitutional rights to be violated.

With respect to the LaPorte County Jail, Kuykendall may not proceed against this defendant. The jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because the LaPorte County Jail is not a suable entity, he has not stated a claim.

As to inmates Brown, Moore, Winters, Young, and Witt, Kuykendall has not stated claims against them. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Kuykendall cannot sue these five inmates under 42 U.S.C. § 1983

because, as private individuals, they could not have plausibly violated his federal constitutional or statutory rights. Therefore, he may not proceed here.

To the extent Kuykendall may have state law claims against Brown, Moore, Winters, Young, and Witt, this court will not exercise jurisdiction over those claims in the absence of a federal claim. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)."). The court will dismiss any state law claims contained in the second amended complaint without prejudice should Kuykendall wish to pursue them in state court. This court offers no opinion about the wisdom of pursuing this course of action or the merit of any potential claim he may have.

Kuykendall has already had two opportunities to amend his complaint. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously discussed, such is the case here.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** any state law claims against Julius Brown, Barren Moore, Lakeith Winters, Breshawn Young, and Wayne Witt contained in the second amended complaint pursuant to 28 U.S.C. § 1367(c)(3);

(2) **DISMISSES** all other claims pursuant to 28 U.S.C. § 1915A; and

(3) **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

Date: October 26, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT